UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

HealthSouth Corporation, a Delaware corporation,

Plaintiff,

vs.

Health Fitness Corporation, a Minnesota corporation; Orthopedic Rehabilitation Specialists, a Minnesota corporation; Mark Siewert; and Terry Buisman,

Defendants.

Court File No. 00-880MJD/JGL

**STIPULATION AND ORDER GOVERNING THE PROTECTION OF CONFIDENTIAL INFORMATION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by the undersigned counsel for the respective parties herein, that:

1. Subject to the limitations and procedures of this agreement, any party may designate any item of proprietary or confidential business information disclosed by it in the course of this litigation as "Confidential" or "Attorney's Eyes Only."

**Confidential Items**

2. No item designated Confidential by any party shall be disclosed to any person or entity without the prior, written consent of the party who produced the item, except as follows:

a. To counsel for the respective parties to this litigation,

b. To employees of such counsel assigned to and necessary to assist such counsel in the preparation of this litigation;

FILED SEP 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

DN: 97183

c. To the limited number of officers or employees of a party for the direct assistance of counsel in the prosecution or defense of this litigation.

d. To experts of any party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation, and only to the extent that the particular information disclosed is relevant to the expert's particular involvement in the litigation and special area of expertise;

e. To the Court, if filed pursuant to Paragraph 8; and

f. To persons reasonably believed to have authored, received or been aware of the Confidential document, or who are witnesses who counsel reasonably believe it is necessary to show confidential to in preparation of this matter, provided no such persons under this subsection are given a copy of any Confidential document to retain.

3. No Confidential item disclosed pursuant to this Stipulation and Order shall be used for any purpose other than the preparation for and trial of this matter. No individual receiving a Confidential item pursuant to this Stipulation and Order shall disclose said item to any person nor use it for any purpose other than those specified above or permitted by any order which governs the conduct of the recipient. Any individual who receives a Confidential item pursuant to paragraph 2(d) or 2(f) of this Stipulation and Order shall be advised of the terms of this Stipulation and Order and agree in writing to be bound by it prior to receipt of any Confidential item.

4. No party shall designate any item Confidential unless it has a reasonable, legal basis to object to its dissemination. The Court shall, upon proper motion, determine whether any item that is marked Confidential shall be subject to the provisions of this Stipulation and Order.

**Attorney's Eyes Only Items**

5. No item designated Attorney's Eyes Only by any party shall be disclosed to any person or entity without the prior, written consent of the party who produced the item, except as follows:

a. To counsel for the respective parties to this litigation;

b. To employees of such counsel assigned to and necessary to assist such counsel in the preparation of this litigation;

c. To experts of any party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation, and only to the extent that the particular information disclosed is relevant to the expert's particular involvement in the litigation and special area of expertise;

d. To the Court, if filed pursuant to Paragraph 8; and

e. To persons reasonably believed to have authored, received or been aware of the Confidential document, or who are witnesses who counsel reasonably believe it is necessary to show confidential to in preparation of this matter, provided no such persons under this subsection are given a copy of any Confidential document to retain.

6. No Attorney's Eyes Only item disclosed pursuant to this Stipulation and Order shall be used for any purpose other than the preparation for and trial of this matter. No

individual receiving an Attorney's Eyes Only item pursuant to this Stipulation and Order shall disclose said item to any person nor use it for any purpose other than those specified above or permitted by any order which governs the conduct of the recipient. Any individual who receives an Attorney's Eyes Only item pursuant to this Stipulation and Order shall be advised of the terms of this Stipulation and Order and agree in writing to be bound by it prior to receipt of any Attorney's Eyes Only item.

7. No party shall designate any item Attorney's Eyes Only unless the item sets forth highly confidential information, and the party has a reasonable legal basis to object to its dissemination. The Court shall, upon proper motion, determine whether any item that is marked Attorney's Eyes Only shall be subject to the provisions of this Stipulation and Order.

**General Provisions**

8. No party or person may file with the Court any Confidential or Attorney's Eyes Only item received pursuant to this Stipulation and Order or any item which incorporates all or portions of any item designated Confidential or Attorney's Eyes Only pursuant to this Stipulation and Order, unless said item is enclosed in an envelope or container on the face of which shall be typed or stamped the following:

> **CONFIDENTIAL**
>
> This document is filed under seal, and unless otherwise ordered by the United States District Court for the District of Minnesota shall not be reproduced for, or shown to, any persons other than in accordance with the Stipulation and Order Governing the Protection of Confidential Information entered in HealthSouth Corp. v. Health Fitness Corp., et al., Court File No. 00-880 MJD/JGL.

9. All items designated Confidential or Attorney's Eyes Only pursuant to this Stipulation and Order shall be subject to the provisions of this Order even if they have been reproduced, summarized, or otherwise altered in form. All such reproductions, summaries, or other alterations in form shall be treated in the same manner as the Confidential or Attorney's Eyes Only item itself and shall be subject to the provisions of this Stipulation and Order.

10. The content of items designated as Confidential or Attorney's Eyes Only shall not be disclosed to any party except those authorized to receive such items under the provisions of this agreement. This provision shall remain in effect after the conclusion of these proceedings.

11. It is expressly recognized that since, to accommodate a prompt resolution of the issues raised in this proceeding, the parties will be producing documents on an expedited basis and documents may inadvertently not be designated Confidential or Attorney's Eyes Only. In that event, either party may designate any item as Confidential or Attorney's Eyes Only after disclosure, by written notice to opposing counsel. From and after the receipt of notice, the item shall be treated as Confidential or Attorney's Eyes Only pursuant to the terms of this Stipulation and Order, including, without limitation, the provisions of Paragraph 9, above. Any disclosure of any item prior to receipt of said notice shall not constitute a violation of this Stipulation and Order.

12. At the conclusion of these proceedings, all Confidential or Attorney's Eyes Only documents and transcripts and other papers containing such information, including but not limited to summaries, excerpts and indices, shall be destroyed or returned to the producing party. All Confidential or Attorney's Eyes Only items, no matter what form the information is in or

reduced to, remain the property of and under the custody and control of the producing party, subject to further order of this Court.

Dated: 9/8, 2000

HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.

By: Teresa Kimker

Teresa J. Kimker (#252736)
Pillsbury Center South, Suite 600
220 South Sixth Street
Minneapolis, Minnesota 55402
(612) 338-1838
Attorneys for Plaintiff

Dated: 9/11, 2000

FREDRIKSON & BYRON, P.A.

By: ______________________

Todd Wind (#196514)
1100 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
Attorneys for Defendant HFC

Dated: 9/14, 2000

LINDQUIST & VENNUM

By: ______________________

Michael Freeman (#38150)
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 338-1838
Attorneys for Defendants
Siewert, Buisman, and ORS

DN: 97183

**SO ORDERED** this 21 day of Sept, 2000.

Magistrate Judge Jonathan Lebedoff
United States District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 3/98