UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

HealthSouth Corporation, a Delaware corporation,

Plaintiff,

vs.

Health Fitness Corporation, a Minnesota corporation; Orthopedic Rehabilitation Specialists, a Minnesota corporation; Mark Siewert; and Terry Buisman,

Defendants.

Court File No. 00-880MJD/JGL

**SUPPLEMENTAL STIPULATION AND ORDER GOVERNING THE PROTECTION OF CONFIDENTIAL PATIENT RECORDS AND INFORMATION**

WHEREAS the parties to this litigation possess certain medical records and patient information protected by law including, but not limited to, the provisions of Minn. Stat. §144.335 (hereinafter "Confidential Patient Information"); and

WHEREAS portions of such Confidential Patient Information are relevant to the parties' claims and defenses in this matter; and

WHEREAS the parties, through their counsel, have agreed that the production of such relevant information is necessary, provided that appropriate precautions are taken to preserve the confidential nature of the information in so far as possible; and

WHEREAS the parties, through their counsel, have agreed that it is necessary to supplement the previous Stipulation and Order Governing the Protection of Confidential

FILED SEP 27 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

DN: 98289

Information, entered by the Court on September 21, 2000, to effectuate the protection of such Confidential Patient Information.

THEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by the undersigned counsel for the respective parties herein, that:

1. Before producing documents containing Confidential Patient Information, the party who controls the document(s) shall redact all information concerning or reflecting the patient's medical condition, treatment, or diagnosis, and shall label all such documents as "Confidential Patient Information."

2. No item designated as Confidential Patient Information shall be disclosed to any person or entity without the prior, written consent of the patient whose record is sought to be disclosed, except as follows:

a. To counsel for the respective parties to this litigation;

b. To employees of such counsel assigned to and necessary to assist such counsel in the preparation of this litigation;

c. To experts of any party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation, and only to the extent that the information disclosed is relevant to the expert's particular involvement in the litigation and special area of expertise;

d. To the Court, if filed pursuant to Paragraph 4; and

e. To persons reasonably believed to have authored, received or been aware of the Confidential Patient Information, or who are witnesses to whom counsel reasonably believe it is necessary to show Confidential Patient

Information in preparation of this matter, provided no such persons under this subsection are given a copy of any documents containing Confidential Patient Information to retain.

3. No Confidential Patient Information disclosed pursuant to this Supplemental Stipulation and Order shall be used for any purpose other than the preparation for and trial of this matter. No individual receiving a document containing Confidential Patient Information pursuant to this Supplemental Stipulation and Order shall disclose said item to any person nor use it for any purpose other than those specified above or as permitted by any order which governs the conduct of the recipient. Any individual who receives a document containing Confidential Patient Information pursuant to this Supplemental Stipulation and Order shall be advised of the terms of this Supplemental Stipulation and Order and agree in writing to be bound by it prior to receipt of any such document.

4. No party or person may file with the Court any document containing Confidential Patient Information received pursuant to this Supplemental Stipulation and Order unless said item is enclosed in an envelope or container on the face of which shall be typed or stamped the following:

> **CONFIDENTIAL PATIENT INFORMATION**
>
> This document is filed under seal, and unless otherwise ordered by the United States District Court for the District of Minnesota shall not be reproduced for, or shown to, any persons other than in accordance with the Supplemental Stipulation and Order Governing the Protection of Confidential Patient Records and Information entered in HealthSouth Corp. v. Health Fitness Corp., et al., Court File No. 00-880 MJD/JGL.

5. All items designated Confidential Patient Information pursuant to this Supplemental Stipulation and Order shall be subject to the provisions of this Order even if they have been reproduced, summarized, or otherwise altered in form. All such reproductions, summaries, or other alterations in form shall be treated in the same manner as the Confidential Patient Information itself and shall be subject to the provisions of this Supplemental Stipulation and Order.

6. Confidential Patient Information shall not be disclosed to any individual or entity except those authorized to receive such items under the provisions of this Supplemental Stipulation and Order. This provision shall remain in effect after the conclusion of these proceedings.

7. At the conclusion of these proceedings, all Confidential Patient Information, or documents and transcripts and other papers containing such information, including but not limited to summaries, excerpts and indices, shall be destroyed or returned to the producing party. All Confidential Patient Information, no matter what form the information is in or reduced to, remains the property of and under the custody and control of the producing party, subject to further order of this Court.

Dated: 9/21, 2000

HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.

By: Teresa Kimker

Teresa J. Kimker (#252736)
Pillsbury Center South, Suite 600
220 South Sixth Street
Minneapolis, Minnesota 55402
(612) 338-1838
Attorneys for Plaintiff

Dated: September 21, 2000

FREDRIKSON & BYRON, P.A.

By: [signature]

Todd Wind (#196514)
1100 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
Attorneys for Defendant HFC

Dated: September 21, 2000

LINDQUIST & VENNUM

By: ______________________
Michael Freeman (#38150)
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 5540
(612) 338-1838
Attorneys for Defendants
Siewert, Buisman, and ORS

Dated: Sept 26, 2000

SO ORDERED.

JONATHAN LEBEDOFF
U.S. Magistrate Judge

DN: 98289

AFFIDAVIT OF SERVICE

**STATE OF MINNESOTA )**
**) ss.**
**COUNTY OF HENNEPIN )**

**Frances S. Flores,** being first duly sworn, on oath deposes and says that on the 22nd day of September, 2000, she did deposit in the United States mail an envelope properly sealed and with postage prepaid thereon, addressed to:

Mr. Todd Wind
Fredrikson & Byron
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402

Mr. Michael O. Freeman
Lindquist & Vennum
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

the last known address of said addressee(s), in which envelope she had first placed a true and correct copy of the attached:

1. Supplemental Stipulation and Order Governing the Protection of Confidential Patient Records and Information.

Frances S. Flores

Subscribed to and sworn before me
this 22nd day of September, 2000.

Notary Public

KATHLEEN W. SCHLAUCH
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005

DN: 90398

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.