**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**HEALTHSOUTH CORPORATION, a Delaware corporation,**

Plaintiff,

v.

**HEALTH FITNESS CORPORATION, a Minnesota corporation; ORTHOPEDIC REHABILITATION SPECIALISTS, a Minnesota corporation; MARK SIEWERT; and TERRY BUISMAN;**

Defendants.

Civil No. 00-880 (MJD/JGL)

**ORDER**

APPEARANCES

Teresa J. Kimker, Esq., for Plaintiff.

Michael O. Freeman, Esq., for Defendants Orthopedic Rehabilitation Specialists, Mark Siewert, and Terry Buisman.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on June 7, 2001, on Plaintiff HealthSouth Corporation's Motion to Compel Discovery (Doc. No. 17) and Defendant Orthopedic Rehabilitation Specialists' Motion to Compel Discovery (Doc No. 21). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED JUN 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

This lawsuit arises from a purchase by Plaintiff HealthSouth Corporation ("HealthSouth") of several outpatient physical therapy clinics from Defendant Health Fitness Corporation on May 14, 1999. The purchased clinics included two Sports & Orthopedic Physical Therapy ("SOPT") clinics in Minneapolis. HealthSouth alleges that two SOPT therapists, Defendants Mark Siewert and Terry Buisman, opened their own clinic, Orthopedic Rehabilitation Specialists ("ORS") on the day after the sale to compete with the SOPT clinics purchased by HealthSouth. HealthSouth accuses Siewert and Buisman of absconding with SOPT patient relationships, physician referrals, and employees in violation of the purchase agreement. Specifically, in its complaint, HealthSouth alleges interference with contract and prospective relations, misappropriation of trade secrets, deceptive trade practices, conversion, and conspiracy. Defendants ORS, Siewert, and Buisman contest HealthSouth's claims.

## I. HEALTHSOUTH'S MOTION TO COMPEL DISCOVERY FROM ORS

In this motion to compel, HealthSouth seeks four categories of information: (1) ORS's communications with referring physicians, (2) financial information about ORS, (3) information about ORS's reimbursement contracts and lease negotiations, and (4) information about patient visits to ORS. At the motion hearing, counsel for ORS represented that all information responsive to categories (1) and (3) had been produced after a search made with good faith

and diligence. Counsel agreed to provide HealthSouth with a sworn affidavit so attesting, and HealthSouth's counsel stated that such a representation would suffice. Accordingly, those portions of HealthSouth's motion are moot and are denied as moot.

The Federal Rules of Civil Procedure contemplate liberal discovery; the information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. Rule 26(b)(1), as amended in 2000, gives courts "the authority to confine discovery to the claims and defenses asserted in the pleadings," but recognizes courts' discretion to permits broader discovery depending on the particular circumstances of a case. Fed. R. Civ. P. 26(b)(1) advisory committee's note.

With respect to HealthSouth's request for ORS's financial information, specifically monthly income statements, for the time period of 1997 to the present, the Court finds most of the information relevant. The financial data is relevant to the issues of HealthSouth's damages and whether

ORS's actual financial performance approximates the projections made by HealthSouth. However, information from the time period of 1997 until May 1999 is not relevant given that the sale did not occur until May 1999. Thus, information before that time need not be produced. Although ORS has produced monthly income statements from May 1999 to August 1999, it maintains statements after August 1999 are irrelevant because there is almost a complete turnover in physical therapy patients after four weeks. The Court does not accept this averment. Furthermore, HealthSouth is not only suing for the loss of its patients, but also for the loss of physician referrals, which would have continued beyond August 1999. Consequently, ORS's monthly income statements from May 1999 to the present are relevant to the claims in this case and must be produced.

HealthSouth also seeks information about patient visits to ORS from May 1, 1999 to the present, which would allow HealthSouth to track the patients who left the SOPT clinics and went to the ORS clinics. Included in these interrogatories is a request for patients' medical records. ORS responds that medical records are not relevant and are protected from disclosure by Minnesota's privacy law, Minn. Stat. § 144.335. The Court finds that HealthSouth is entitled to certain information, but not to the complete medical records of its former patients. As HealthSouth explained in its memorandum, it wants only the following type of information: physician referrals to the ORS

clinics, on ORS letterhead, dated as early as May 17, 1999; and documents indicating that ORS had reimbursement contracts with third-party insurers by or before May 17, 1999. It is clear to the Court that HealthSouth does not want medical information, but information relevant to its claims that might be located in a patient's medical file.

The particular information sought by HealthSouth is relevant to its claims that ORS absconded with SOPT patients, physician referrals, and employees. Therefore, Defendant ORS must produce the following information from patients' medical files: (1) physician referrals to the ORS clinics, on ORS letterhead, dated as early as May 17, 1999; (2) documents indicating that ORS had reimbursement contracts with third-party insurers by or before May 17, 1999; and (3) ORS's appointment books. The information must be produced for the time period of May 17, 1999 to the present. Of course, ORS may utilize the protective order to maintain the confidentiality of its disclosures.

## II. PLAINTIFF HEALTHSOUTH'S MOTION TO COMPEL LINDQUIST & VENNUM'S COMPLIANCE WITH THE SUBPOENA

At the motion hearing, counsel for ORS represented that it has given HealthSouth all requested, relevant, non-privileged information from its non-litigation files. Based on this representation, this aspect of HealthSouth's motion is denied.

## III. DEFENDANT ORS'S MOTION TO COMPEL DISCOVERY FROM HEALTHSOUTH

Defendant ORS seeks complete answers to its interrogatories numbered 3, 4, and 5.[1] Interrogatory No. 3 seeks, for each clinic acquired by HealthSouth in 1999, the number of individuals employed on the date of the purchase, the number of employees six months after the date of purchase, and the number of individuals who remained employed from the date of the acquisition until six months thereafter. Interrogatory No. 4 requests, for each clinic acquired by HealthSouth in 1999, the date employees were notified of the sale, the identities of employees who were terminated from the selling clinic on or before the sale, and the percentage of employees at the time of the purchase who were subsequently offered jobs by HealthSouth after the purchase. Interrogatory No. 5 asks, for each clinic acquired by HealthSouth in 1999, whether meetings were held with employees of the selling clinic prior to the sale or within twenty-four hours of the sale.

The Court finds that all of the information requested is relevant to this lawsuit and must be produced. The discovery relates directly to ORS's defenses that HealthSouth has a poor reputation in the industry, that it requires owners of clinics being purchased to fire employees, and that Defendants Buisman and Siewert were justifiably concerned about

---

[1] The dispute concerning Interrogatory No. 2 was resolved at the hearing.

HealthSouth's failure to offer them employment contracts. The Court takes no position on the validity of these contentions or admissibility of the evidence, but at this stage in the litigation, ORS has successfully shown relevance. Furthermore, the Court finds that producing the information does not present an undue burden for HealthSouth. Only twenty-four clinics are involved, and HealthSouth is a large entity with a centralized human resources department certainly capable to gather the information. If HealthSouth does not have certain information, such as the names and addresses of employees at purchased clinics who were not offered employment, a representative of HealthSouth may submit a sworn affidavit to that effect.

Although the issue was not briefed by the parties, ORS also seeks the names and statements of former SOPT patients whom HealthSouth interviewed. Counsel for HealthSouth stated that no such statements exist, and accordingly, no statements need be produced. Moreover, if any such statements did exist, they would likely be protected by the work product

doctrine. On the other hand, the Court finds that Defendant ORS is entitled to the names of SOPT's former patients who were interviewed.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff HealthSouth Corporation's Motion to Compel Discovery (Doc. No. 17) is **DENIED AS MOOT IN PART**, **GRANTED IN PART**, and **DENIED IN PART** as set forth fully in the body of this Order ; and

(2) Defendant Orthopedic Rehabilitation Specialists' Motion to Compel Discovery (Doc No. 21) is **GRANTED**.

Dated: June 11, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge