**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**HEALTHSOUTH CORPORATION, a Delaware corporation,**

Plaintiff,

v.

**HEALTH FITNESS PHYSICAL THERAPY, INC., sued as Health Fitness Corporation, a Minnesota corporation; ORTHOPEDIC REHABILITATION SPECIALISTS, a Minnesota corporation; MARK SIEWERT; and TERRY BUISMAN;**

Defendants.

---

Civil No. 00-880 (MJD/JGL)

**O R D E R**

APPEARANCES

Teresa J. Kimker, Esq., for Plaintiff

Michael O. Freeman, Esq., for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on April 15, 2002 on Plaintiff's Motion to Amend the Pretrial Order. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED APR 16 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff HealthSouth Corporation ("HealthSouth") asks this Court to amend the pretrial scheduling order so that it can bring a motion for summary judgment on Defendant Orthopedic Rehabilitation Specialists' counterclaim. The deadline for filing dispositive motions was February 1, 2002. HealthSouth seeks to extend the dispositive motion deadline to May 15, 2002 and the trial ready date to September 16, 2002.

Modifying a pretrial scheduling order requires a showing of good cause by the moving party. See Fed. R. Civ. P. 16(b). To demonstrate good cause, the party seeking the extension must show that it was diligent in attempting to comply with the schedule. See Fed. R. Civ. P. 16(b) advisory committee's note (1983 amendment); Archer Daniels Midland Co. v. Aon Risk Serv., Inc., 187 F.R.D. 578, 582 (D. Minn. 1999) ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief") (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Thus, Rule 16(b) focuses on diligence by the moving party, not whether the non-moving party will be prejudiced. See Luigino's, Inc. v. Pezrow Co., Inc., 178 F.R.D. 523, 525 (D. Minn. 1998).

In this case, HealthSouth's reason for not timely filing its summary judgment motion is that it was "focusing, instead, on its response to Defendants' motions [for summary judgment]." (Pl. Mem. Supp. Mot. Am. Pretrial Order at 2.) The Court finds this explanation inadequate. HealthSouth

filed responses to Defendants' motions for summary judgment on November 19 and December 19, 2001. Plaintiff had ample time before the dispositive motion deadline of February 1, 2002, to file a motion for summary judgment. The Court finds that HealthSouth was not diligent in attempting to comply with the pretrial schedule. Moreover, during the time period subsequent to Defendants' filing their motions for summary judgment, HealthSouth never indicated it would need an extension beyond February 1, 2002 to file a summary judgment motion of its own. To the contrary, on December 16, 2001, HealthSouth and Defendants stipulated to extend the dispositive motion deadline to February 1, 2002. HealthSouth's motion to amend the pretrial schedule is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff HealthSouth's motion to amend the pretrial schedule (Doc. No. 93) is **DENIED**.

Dated: April 16, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge